IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| STEVEN VICTOR FLEMMING, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:08-CV-154 (CDL) |
| | : | |
| VANCE LAUGHLIN, Warden., | : | 28 U.S.C. § 2241 |
| | : | Habeas Corpus Petition |
| Respondent. | : | |

**REPORT & RECOMMENDATION**

On November 17, 2008, Petitioner Flemming, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). Petitioner entered the Untied States as a lawful permanent resident in 1991, and who is a native and citizen of St. Kitts-Nevis, was convicted in the Superior Court of Bartow County, Georgia of possession with intent to distribute cocaine and possession by ingestion of cocaine. This conviction made Petitioner removable as an aggravated felon.

A review of Petitioner's filing history reveals that the current action is Claimant's third such petition for habeas corpus relief filed in the United States District Court for the Middle District of Georgia.[1] Petitioner did not appeal either of the prior decisions. In dealing with this issue, the Eleventh Circuit Court of Appeals has held that the successive writ rule bars claims raised in a § 2241 petition that have been litigated and adjudicated in a petitioner's prior habeas proceedings. *Glumb v. Honsted,* 891 F.2d 872, 873 (11th

---

[1] *See* Case Numbers 5:07-CV-198 (HL) and 4:08-CV-20 (CDL).

Cir.1990); *see* 28 U.S.C. § 2244(a).  28 U.S.C. § 2244(a) states that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

A review of Petitioner's prior § 2241 petitions, along with his current petition, reveals that he is alleging the same grounds for relief as previously raised.  Specifically, Petitioner is again asserting that his removal from the United States is not reasonably foreseeable. (R-1). Pursuant to 28 U.S.C. § 2244(a), Petitioner fails to assert any new claims in his current habeas corpus petition which would require that this court revisit its prior determination in this matter.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 18th day of November, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw